CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 23, 2024
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES ROYAL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-CV-00064 |
| v. ) | |
| ) | |
| VITALCORE HEALTH ) | |
| STRATEGIES, LLC et al., ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff James Royal alleges that Defendants VitalCore Health Strategies, LLC ("VitalCore"), Rajvinder Mann, and Sinan Kamal (collectively "Defendants") failed to provide adequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishments. I find that Royal has not sufficiently pled Defendants' involvement in the alleged unconstitutional conduct. Accordingly, Defendants' motions to dismiss are **GRANTED** and Plaintiff Royal's Complaint is **DISMISSED with leave to amend.**

**I.   Background**

Royal alleges that he tore his Achilles tendon playing basketball on or around May 27, 2021. Dkt. 1 ¶ 13. He was transported in a wheelchair to the medical unit where he was examined by Defendant Mann, a doctor at Coffeewood Correctional Center ("Coffewood"). *Id.* ¶¶ 4, 14–15. Mann took an X-ray and, finding no broken bones, diagnosed Royal with a sprained ankle. *Id.* ¶ 15. Despite [Royal's] request, Mann did not examine Royal's Achilles or order an MRI. *Id.* ¶¶ 16–17. Royal was assigned "light work duty," "permitted to remain seated when they do the count of the facility," and given a "walking boot." *Id.* ¶¶ 15, 18.

Royal alleges that he was "in extreme pain every day that followed, and…requested to be referred to another doctor because his ankle was purple…." *Id.* ¶ 19. In August 2021, following additional complaints, Royal was examined by Dr. Zadiq who concluded that Royal had ruptured his Achilles. An MRI confirmed this diagnosis. *Id.* ¶ 22.

Royal was informed that he would require a "complete reconstruction of his Achilles" because he was not "properly evaluated in a timely manner." *Id.* ¶ 23. Royal alleges that Mann eventually apologized "for not properly addressing Plaintiff's injury." *Id.* ¶ 24. Mann purportedly stated, "I thought you were just coming in for a bottom bunk." *Id.*

Royal was not scheduled for Achilles surgery until July 29, 2022, almost a full year after Zadiq correctly diagnosed his injury. *Id.* ¶ 25. As a result of the delay, "[Royal] lost approximately 8 cm of his Achilles and will have limited range of motion." *Id.* ¶ 26. "Following his surgery, [Royal] was only given physical therapy for approximately one to two weeks," and was not "provided any exercises to do for his physical therapy on his own." *Id.* ¶ 28.

> The Complaint also alleges the following facts about Defendants VitalCore and Kamal:
>
> Defendant VitalCore Health Strategies, LLC, was a medical contractor for the [VDOC] that provided services at [Coffeewood]. Defendant VitalCore began serving as the medical contractor for Coffeewood…on December 12, 2021, until May 25, 2023. Defendant VitalCore was responsible for training the medical providers. Defendant VitalCore is sued under theories of both directly liability and respondeat superior.
>
> Defendant Sinan Kamal, the head physician at Coffeewood between May 1, 2021 to August 1, 2022. Defendant Kamal was an employee of Defendant Armor from May 1, 2021, until December 12, 2021. Defendant Kamal was an employee of Defendant VitalCore from December 12, 2021, through August 1, 2022. Defendant Kamal is responsible for addressing inmates' medical needs.
>
> *Id.* ¶¶ 3, 5.

**II.     Analysis**

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter. . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action")). A court should only grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable actual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### A. VitalCore's Motion to Dismiss

VitalCore moves to dismiss Royal's claims on the grounds that Plaintiff fails to allege that his injury stemmed from "an official policy or custom" as required by *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny. I agree and find that Royal's claims are properly dismissed as to VitalCore. [1]

A private medical services company such as VitalCore which provides medical treatment in a state-run prison or jail acts under color of state law and is subject to suit under § 1983. *See West v. Atkins*, 487 U.S. 42 (1988); *Conner v. Donnely*, 42 F.3d 220, 224 (4th Cir. 1994); *Anderson v. Dye*, No. 5:21cv00168, 2022 WL 620009, at *3 (W.D.N.C., Mar. 2, 2022). Liability

---

[1] VitalCore also argues that Plaintiff's Complaint is deficient under Federal Rule of Civil Procedure 8. However, because I find that Royal's Complaint is properly dismissed under *Monell*, it is unnecessary to address this argument.

3

does not arise on a respondeat superior basis under § 1983, but only when "an official policy or custom of the corporation caused the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

A policy or custom can "arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Id.* (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

Royal argues that VitalCore employees "acted beyond recklessly in treating Mr. Royal's injury by continuously and persistently failing to provide him surgery for over *seven months* after the Achilles tear was discovered" making it plausible that "(1) there was an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens, and/or (2) there was a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Dkt. 26 at 5–10 (emphasis in original). However, Royal's allegations do not satisfy the stringent test for "failure to train" or "persistent and widespread" practice claims.

First, Royal has not adequately alleged that VitalCore failed to train its agents/employees. To establish liability on failure to train claim, a plaintiff must plead that: (1) the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to properly train the subordinates, illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and (3) this failure to train actually caused the

4

subordinates to violate the plaintiff's rights. *Brown v. Mitchell*, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004) (citing *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000)).

A failure to train claim rises to the level of a § 1983 violation when the corporation's failure to train its employees amounts to "deliberate indifference" to the rights of the person affected by the untrained employee. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Ordinarily, such deliberate indifference requires plaintiff to establish "[a] pattern of similar constitutional violations by untrained employees." *Id.* at 62. Deliberate indifference is a "stringent standard," and a corporation's culpability is often "at its most tenuous" when a claim turns on failure to train. *See id.* at 61. While deliberate indifference is not a heightened pleading standard, *Booker v. City of Lynchburg*, 2020 WL 8513807, at *6 (W.D. Va. Nov. 12, 2020), the plaintiff must point out "a specific deficiency" in training, "rather than general laxness or ineffectiveness in training." *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) (internal citations omitted). *See Valentine v. PrimeCare Med., Inc.*, 2023 WL 6541564, at *8 (D. Md. Oct. 6, 2023) (requiring plaintiffs "to identify a specific omission and awareness on the part of the entity of the omission and the risks it posed; in other words, facts showing deliberation on the part of the Defendant."). The corporation will only be liable if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers…can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

Royal's allegations do not satisfy this standard. He does not allege any "specific deficienc[ies]" in training. To the contrary, his only allegation related to training is that "VitalCore is responsible for training the medical providers" at Coffeewood. Dkt. 1 ¶ 2. This is the type of general "'label[] and conclusion' that Twombly says 'will not do.'" *Dallas v. Craft*,

2022 WL 2079312, at *23 (E.D. Va. June 9, 2022) (finding that general allegations that a defendant "failed to effectively, train, supervise, and control their employees regarding access to adequate medical care" was insufficient to establish liability for failure to train). Royal argues that VitalCore personnel's failure to schedule his surgery "for over half a year" demonstrates a "pattern of similar constitutional violations" sufficient to show "deliberate indifference." Dkt. 26 at 6–7.  But Royal has not alleged that anyone else incarcerated at Coffewood has been denied medical treatment or that a lack of medical care is common across facilities administered by VitalCore. At best, he has alleged that VitalCore did not train the individuals responsible for Royal's care how to deal with his particular situation. "If that were sufficient to state a claim for [corporate] liability, it would functionally expose [VitalCore] to respondeat superior liability, which has been explicitly foreclosed by Monell." *Lee v. City of Richmond, Va.*, 2013 WL 1155590, at *7 (E.D. Va. Mar. 19, 2013).

Second, Royal does not allege facts sufficient to establish that VitalCore has a "persistent and widespread" practice of unconstitutional conduct. "A corporation is not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees ... Rather, there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice.'" *Smith v. Ray*, 409 F. App'x 641, 650 (4th Cir. 2011) (quoting *Lytle*, 326 F.3d at 473). Here, as noted above, Royal has not alleged that inadequate medical care was common at the Coffeewood facility or at any other VitalCore facility. He alleges only that a specific VitalCore employee, Mann, failed to provide him with adequate care. His isolated case is not sufficient to establish liability under *Monell*. For these reasons, the claim against VitalCore must be dismissed.

### B. Kamal and Mann's Motions to Dismiss

Kamal and Mann both moved to dismiss Royal's claims on the grounds that he does not adequately allege that Defendants "acted with deliberate indifference to a serious medical need" in violation of the Eighth Amendment. I agree and dismiss the claims against both Defendants.[2]

Prison officials violate the Eighth Amendment when two requirements are met:

> 'First the deprivation alleged must be, objectively sufficiently serious,' denying 'the minimal civilized measures of life's necessities.' Second, because only the *unnecessary and wanton* infliction of pain implicates the Eighth Amendment, a prisoner must show that prison officials also had a 'sufficiently culpable state of mind.' And in a case challenging prison condition, that state of mind must be at least 'deliberate indifference' to the inmate's 'health or safety.'

*Cartagena v. Lovell*, 103 F.4th 171, 181 (4th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

First, Kamal and Mann argue that Royal has not alleged a "serious medical need." "A medical need is sufficiently serious…when it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). Here, Royal has alleged that he "was in extreme pain" and "his ankle was purple." Dkt. 1 ¶ 19. Royal also alleges that he was diagnosed by a doctor with a torn Achilles tendon. *Id.* ¶¶ 25–26. Royal's pain and his diagnosis both demonstrate that he had a "serious medical need."

Second, Kamal and Mann argue that Royal failed to plead that they acted with "deliberate indifference." "'[D]eliberate indifference entails something more than mere negligence,' but the standard 'is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Gordon*, 937 F.3d at 357 (quoting *Farmer*, 511

---

[2] Like VitalCore, Kamal and Mann argue that Plaintiff's Complaint is deficient under Federal Rule of Civil Procedure 8. However, because I find that Royal's fails to plead that either Defendant acted with deliberate indifference, it is unnecessary to address this argument.

U.S. at 835). In the context of a claim for denial of adequate medical care, a defendant "acts with deliberate indifference if he had actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregarded them." *Id.* (quoting *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)). Nonetheless, a defendant's subjective knowledge can be proven "through direct evidence of [his] actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that [he] knew of a substantial risk from the very fact that the risk was obvious." *Id.* (cleaned up).

I find that Royal fails to plead that either Defendant acted with deliberate indifference. However, because Kamal and Mann are differently situated with respect to Plaintiff, I address the allegations against them separately.

The only allegations in the Complaint related to Kamal are found in Paragraph 5:

> Defendant Sinan Kamal, the head physician at Coffewood Correctional Center between May 1, 2021, to August 1, 2022. Defendant Kamal was an employee of Defendant Armor from May 1, 2021, until December 12, 2021. Defendant Kamal is responsible for addressing inmates' medical needs.

These allegations do not provide a basis from which to infer that Kamal was aware of Royal's condition. For example, there is nothing in the Complaint to suggest that Kamal supervised Royal's care, scheduled surgeries, or performed any other task that would have alerted him to Royal's condition. *See Gordon*, 937 F.3d at 357. Accordingly, Royal has not adequately alleged that Kamal acted with deliberate indifference.

Royal's allegations against Mann are more detailed than those against Kamal. Royal claims, among other things, that Mann "conducted an X-ray and saw no broken bones," Dkt.1 ¶ 15, diagnosed Royal with a "sprained ankle," *id.*, "put [Royal] on light work duty", *id.*, "permitted "ignored [his] request for an MRI or further evaluation," *id.* ¶ 17, and ultimately,

8

"apologized to plaintiff for not properly addressing Plaintiff's injury and for not properly evaluating him, stating 'I thought you were just coming in for a bottom bunk,'" *id.* ¶ 24.

However, these allegations are still not sufficient to create a plausible claim of deliberate indifference. "To establish that a health care provider's actions constitute deliberate indifference…, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Here, Royal alleges that Mann did not correctly diagnose his torn Achilles which certainly contributed to his delay in care from May to August 2021 when Dr. Zadiq confirmed his injury. There is no suggestion that Mann was responsible for more than a misdiagnosis of Royal's injury. For example, there are no claims that Mann was responsible for the delay of almost one year in arranging a follow-up appointment or the failure to promptly schedule Royal's surgery following his MRI and his diagnosis by Dr. Zadiq. Dkt. 1 at ¶¶ 20, 25. Mere misdiagnosis, without more, is not sufficient to establish deliberate indifference. *See Miltier*, 896 F.2d at 851. Accordingly, I find that the claim against Mann must be dismissed.

## Conclusion

For all these reasons, I find that Royal has failed to state a claim under the Eighth Amendment. Therefore, Defendants' motions are **GRANTED** and Royal's Complaint is **DISMISSED**. Royal may be able to address the pleading deficiencies in an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 795-798 (2022). Thus, I grant Royal leave to file an amended complaint with 21 days of the accompanying order.

Entered: September 23, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

10